UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00121-GNS-HBB

KEITH PRICE,
as Administrator of
the Estate of Jonathan Price                                                                    PLAINTIFF

v.

MUHLENBERG COUNTY, KENTUCKY et al.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (DN 11). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

**I.      BACKGROUND**

Between July 2022 and November 2022, Jonathan Price ("Price") was an inmate at the Muhlenberg County Detention Center ("MCDC"). (Compl. ¶ 10, DN 1). In November 2022, Price was allegedly beaten by another inmate, which injured one of his kidneys. (Compl. ¶ 12). Price was not hospitalized until about three weeks after the beating, and he ultimately succumbed to his injuries about six months later. (Compl. ¶¶ 15-17).

Plaintiff Keith Price ("Plaintiff"), administrator of Price's Estate, filed this action against Defendants Muhlenberg County, Kentucky ("Muhlenberg County"), and Muhlenberg County Jailer Terry Nunley ("Nunley") (collectively "Defendants"), and asserted claims against Nunley in his individual and official capacities. (Compl. ¶¶ 1, 4-5). Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983 for violations of Price's Eighth and Fourteenth Amendment rights, and for negligence. (Compl. ¶¶ 18-24).

1

After the close of the pleadings, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Defs.' Mot. J. Pleadings, DN 11). Plaintiff opposes the motion and requests an oral argument pursuant to LR 7.1(f). (Pl.'s Resp. Defs.' Mot. J. Pleadings, DN 16). Because oral argument is unnecessary, the Court will rule on the motion based on the parties' briefing.

## II.     JURISDICTION

The Court exercises subject-matter jurisdiction over this action based upon federal question jurisdiction and supplemental jurisdiction over the state-law claim. *See* 28 U.S.C. §§ 1331, 1367(a).

## III.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted) (citation omitted). Courts need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999) (citation omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (internal quotation marks omitted) (citing *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV.  DISCUSSION

### A.  Official Capacity Claims

In the Complaint, Plaintiff asserts claims against Muhlenberg County and Nunley in his official capacity. (Compl. ¶¶ 4-5). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978).  As a result, the official capacity claim based on federal asserted against Nunley is really a duplicative claim against Muhlenberg County and is therefore dismissed.  *See Owens v. Trulock*, No. 1:18-CV-00167-GNS-HBB, 2020 WL 376658, at *2 (W.D. Ky. Jan. 23, 2020) (citations omitted); *Welsh v. Grayson Cnty. Det. Ctr.*, No. 4:05CV-00151-ERG, 2007 WL 1200267, at *20 (W.D. Ky. Apr. 23, 2007).  Similarly, the official capacity claim against Nunley based on state law is duplicative and will also be dismissed.  *See Trulock*, 2020 WL 376658, at *3 (citation omitted); *Ky. Bd. of Claims v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001).

### B.  42 U.S.C. § 1983 Claims

#### 1.  *Muhlenberg County*

For a municipality to be liable for the actions of its employees under *Monell v. Department of Social Services of City of New York*, a causal link must connect the alleged constitutional deprivation to a policy or custom of the municipality.  *See Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993).  "*Monell* is a case about responsibility." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). "The official policy requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 479-80 (internal quotation marks omitted).

3

To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). A plaintiff may show the existence of an illegal policy or custom by showing "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).

In the Complaint, Plaintiff has not plausibly stated a *Monell* claim against Muhlenberg County because he does not allege any policy or custom upon which liability could be imposed, or that Price's injury resulted from any policy or custom. Accordingly, the Section 1983 claim against Muhlenberg County is dismissed.

   2. *Nunley*

When imposing liability on a government employee under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Government employees cannot be held liable either under vicarious liability based solely on the right to control employees, or through a simple awareness of an employee's misconduct. *See Woodcock v. City of Bowling Green*, 165 F. Supp. 3d 563, 594 (W.D. Ky. 2016), *aff'd in part & rev'd in part* 679 F. App'x 419 (6th Cir. 2017). Likewise, neither the acts of a subordinate nor a supervisor's failure to act is sufficient to plead a defendant directly violated the plaintiff's rights. *See id.* The supervisor must, rather, "either encourage[] the specific incident of misconduct or in some way directly participate[]

4

in it." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)).

The Complaint lacks specifics as to Nunley's claimed participation in the violation of Price's constitutional rights—including any allegation that Nunley implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Similarly, Plaintiff has not alleged how Nunley was involved in any decision relating to protecting Price or deciding whether Price received medical care after being attacked by another inmate. Instead, Plaintiff alleges "[e]mployees of the MCDC became aware of Jonathan Price's injuries but failed to provide him with proper medical care." (Compl. ¶ 14). While Plaintiff alleges that Nunley acted with deliberate indifference, "[d]eliberate indifference is a legal conclusion which requires facts to be alleged and subsequently proven." *Paulk v. Sevier Cnty.*, No. 3:12-CV-89, 2012 WL 5997948, at *3 (E.D. Tenn. Nov. 30, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Construed as a whole, there are insufficient factual allegations to support such a legal conclusion in order to defeat Defendants' motion. Accordingly, this claim against Nunley in his individual capacity is dismissed.

Nunley also asserts that Plaintiff's Section 1983 claim is barred by qualified immunity. To determine whether a defendant is entitled to qualified immunity, a court must consider: (i) whether "based on applicable law and the facts viewed in the light most favorable to the plaintiff, has a constitutional violation occurred"; and (ii) if so, whether "the constitutional right [was] 'clearly established' at the time of violation." *Penman v. Correct Care Sols.*, No. 5:18-CV-58-TBR, 2018

WL 6220921, at *8 (W.D. Ky. Nov. 28, 2018) (citing *Bell v. Johnson*, 308 F.3d 594, 601 (6th Cir. 2002); *Saucier v. Katz*, 533 U.S. 194 (2001)). "To [prevent] . . . dismiss[al] on qualified-immunity grounds, both inquiries must be resolved in the [plaintiff's] favor. The [plaintiff] bears "the burden of showing that" the [defendant] [is] 'not entitled to qualified immunity.'" *Hoskins v. Knox Cnty.*, No. 17-84-DLB-HAI, 2018 WL 1352163, at *19 (E.D. Ky. Mar. 15, 2018) (citations omitted).

As noted above, Plaintiff has failed to state a claim for a constitutional violation under Section 1983 and has therefore failed to meet his burden to show that Nunley was not entitled to qualified immunity. *See Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) (citation omitted). Accordingly, this federal claim is also dismissed due to qualified immunity.

### B. State Law Claims

#### 1. *Muhlenberg County*

Under Kentucky law, "[i]mmunity from suit is a sovereign right of the state." *Foley Constr. Co. v. Ward*, 375 S.W.2d 392, 393 (Ky. 1963). The Kentucky Constitution, however, provides that "[t]he General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." Ky. Const. § 231. A county "is a political subdivision of the Commonwealth as well, and as such is an arm of the state government. It, too, is clothed with the same sovereign immunity." *Cullinan v. Jefferson Cnty.*, 418 S.W.2d 407, 408 (Ky. 1967), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). Under Kentucky law, supervisory liability against a municipality cannot be imposed due to sovereign immunity. *See Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 163 (Ky. 2003) ("If damages could be recovered against a county on the basis of respondeat superior, the concept of sovereign immunity would be largely nullified because state and county governments perform their ministerial functions by and through their agents, servants, and employees.").

Plaintiff has not identified any waiver of sovereign immunity that would be applicable based on the allegations of this case in support of his negligence claim.  Accordingly, this claim against Muhlenberg County is barred by sovereign immunity and is dismissed.  *See Edmonson Cnty. v. French*, 394 S.W.3d 410, 416 (Ky. App. 2013).

### 2. *Nunley*

As to the negligence claim against Nunley, Plaintiff has failed to state a claim against Nunley in his individual capacity.  Under Kentucky law, "[p]ublic officers are responsible only for their own misfeasance . . . ."  *Yanero*, 65 S.W.3d at 528 (citations omitted).  The Complaint contains no allegations regarding negligent hiring, training, or supervision by Nunley, and lacks sufficient factual allegations that Nunley was somehow directly involved in failing to protect or provide proper medical care to Price.  Thus, Plaintiff has failed to state a negligence claim against Nunley, and this claim is dismissed.[1]

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (DN 11) is **GRANTED**, and the Complaint is **DISMISSED**.  The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 12, 2024

cc:   counsel of record

---

[1] Because Plaintiff has failed to state a negligence claim against Nunley in his individual capacity, it is unnecessary to address whether the defense of qualified official immunity would apply.

7